CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED to

MAY 18 2005

JOHN F. CORCORAN, CLERK
BY: HMcDonald
DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
### ROANOKE DIVISION

TERENCE CLEMENTS, #314338,    )
      Petitioner,          )       **Civil Action No.7:05cv00029**
                        )
**v.**                    )       <u>**MEMORANDUM OPINION**</u>
                        )
**COMMONWEALTH OF VIRGINIA,**    )       **By: Jackson L. Kiser**
      Respondent.       )       **Senior U.S. District Judge**

Petitioner Terence Clements, a Virginia inmate proceeding <u>pro se</u>, brings this action as a petition for a writ of habeas corpus, pursuant to 28 U.S.C. §2254. Clements was convicted, by the court sitting without a jury, on April 9, 2002 in the Circuit Court for the City of Lynchburg for abduction and assault and battery. He was sentenced pursuant to the above convictions on November 22, 2002 to serve ten years in prison, with five years suspended, on the first charge and twelve months in jail, with six months suspended, for the second charge. Clements now raises several challenges to the validity of his confinement upon these convictions.

The respondent has filed a motion to dismiss Clements's petition. The court notified Clements of the respondent's response and motion to dismiss, as required by <u>Roseboro v. Garrison</u>, 528 F.2d 309 (4th Cir. 1975), and warned him that judgment may be granted for the respondent if he did not respond to the motion. Clements has responded to the respondent's motion to dismiss, thus making the motion to dismiss and the underlying petition ripe for consideration. Upon review of the record, I conclude that the motion to dismiss must be granted.

## I.      Procedural History and Current Claims

Clements was convicted on April 9, 2002 in the Circuit Court for the City of Lynchburg

for abduction and assault and battery. He was sentenced pursuant to those convictions on November 22, 2002 to serve ten years and twelve months in prison, with five years and six months suspended.

Clements appealed his convictions to the Court of Appeals of Virginia, but the appeal was dismissed on May 28, 2003. Clements's subsequent appeal to the Supreme Court of Virginia was refused on December 5, 2003; his petition for rehearing was denied on January 30, 2004.

On April 1, 2004 Clements filed a petition for a writ of habeas corpus in the Supreme Court of Virginia. Clements raised 22 separate claims in his petition including claims of substantive error, prosecutorial misconduct, and ineffective assistance of counsel. The respondent filed a motion to dismiss, and on October 25, 2004 the Supreme Court of Virginia issued a judgment order denying Clements's petition. The court found that several of Clements's were defaulted pursuant to the rule of Slayton v. Parrigan, 215 Va. 27 (1974). All other claims were dismissed on their merits.

Clements has now filed this federal petition, which the court construes as raising the following grounds for relief:

1.  The presentence report was incorrect and had factual inaccuracies. This was made known to the sentencing judge. The court did not hold an evidentiary hearing, make a finding regarding the error, or disclaim reliance on the erroneous matter. Due process forbids a sentencing judge from relying on materially false or unreliable information.

2.  The sentencing hearing was postponed many times unnecessarily. The petitioner did not move for the continuances.

3.  The petitioner did not ask for continuances of his trial. However, it took one year and three months for him to be tried. This delay in the trail violated Virginia law and the Constitution.

4.  The petitioner was denied a preliminary hearing and did not waive it.

2

5. Prosecutorial Misconduct
   a. At the sentencing hearing, Assistant Commonwealth's Attorney Janell Johnson called the petitioner a "predator" and stated that he preyed on young ladies and was violent toward them. This was an improper expression of her personal opinion.

   b. The prosecutor referred to previous convictions and other bad acts and made misstatements about them, misleading the court.

   c. The prosecutor made misstatements of fact at the sentencing hearing and trial.

   d. It was improper for the prosecutor to give the victim, Shelly Fendlay, a copy of a Domestic Violence Report to use as a "script." This influenced the witness and violated Due Process.

   e. At the beginning of trial, the prosecutor offered a plea agreement which the petitioner refused. After the petitioner refused the plea offer, the prosecutor asked him not to say anything in court about David Robert Glenn raping Shelly Fendlay. The prosecutor said if the petitioner agreed and lost the case, she would recommend time served. The petitioner would agree not to appeal.

6. Shelly Fendlay testified falsely at trial. She was given a copy of a document by the Commonwealth that was used as a script. No copy of the document was provided to the court or counsel and it was not introduced into evidence. After the victim read the document, she changed her testimony.

7. The Commonwealth used the elements of assault and battery to accuse the petitioner of abduction.

8. The trial court violated due process in allowing the prosecutor to give Shelly Fendlay a copy of the report to review while she was on the witness stand.

9. The prosecutor handed the witness an alleged Domestic Violence Report for her review. The document was used as a script, but was never introduced into evidence.

10. The court should have granted counsel's motion to strike the abduction. The Commonwealth did not meet the burden of proof for abduction. There also is a double jeopardy issue because the Commonwealth used the same elements to support both the abduction and the assault and battery conviction.

11. The Commonwealth failed to meet its burden of proof for the abduction charge. The court had doubts about the victim's credibility and should have dismissed the charge.

3

12. There was no testimony of asportation, threats, deception, intimidation, force, or any intent to deprive Shelly Fendlay of her personal liberty.

13. The Commonwealth's witness gave conflicting testimony. The testimony of Shelly Fendlay was inconsistent with the testimony of David Robert Glenn. Police Officer Marsteller's testimony impeached Fendlays's and Glenn's testimony.

14. The prosecutor asked leading questions of Shelly Fendlay numerous times during trial. This was a Due Process violation.

15. Some testimony from the victim is missing from the trial transcript. Statements of the petitioner at the sentencing hearing concerning his request for an appeal, appeal bond, and motion to suspend execution of sentence, are missing from the sentencing transcript. Statements from the petitioner's counsel asking to withdraw from handling the appeal are missing. Furthermore, certain testimony from the trial transcript was altered.

16. After trial, the alleged victim wanted to admit that she had lied at trial. However, the prosecutor advised her that it was too late. The prosecutor and Shelly Fendlay's mother, Patric Fendlay, prevented Shelly Fendlay from admitting that she lied at trial. Someone prevented Campbell County Investigator Dowdy from appearing at the sentencing hearing. The prosecutor asked the petitioner not to mention at trial that Shelly Fendlay had filed a rape complaint against David Glenn. Patric Fendlay threatened that she would have the petitioner killed if the victim did not testify against the petitioner.

17. Obstruction of Justice
    a. The petitioner obtained a warrant against Patric Fendlay for sending the petitioner threatening and harassing letters. Ms. Fendlay was arrested but the charges were nolle prosequi. Lynchburg General District Court indicated that the charge was nolle prosequi but the Commonwealth Attorney's Office said it had no record of such a charge.

    b. The Lynchburg Commonwealth Attorney's Office and Lynchburg Police Department are covering up the matter of the sexual abuse by David Robert Glenn against Shelly Fendlay. The petitioner has been told that Patric Fendlay is a friend of the Commonwealth Attorney William Petty and Judge Perrow.

18. When the police first spoke with the petitioner, the petitioner was placed in handcuffs. Subsequently, the police arrested the petitioner because Patric Fendlay wanted him arrested. When the police questioned him, the petitioner asked to speak to attorney Phillip Baker. Miranda was violated because even though not under arrest, petitioner's freedom of movement was restricted by handcuffs and by being placed in a police car. He was questioned without Miranda warnings. When the petitioner was placed under arrest, Miranda warnings were read to him.

4

19. Cruel and Unusual Punishment

    a. The judge sentenced the petitioner to a sexual offender treatment and mental health program, but the charges of which he was convicted were not of a sexual nature. The sentence was excessive. Also, the presentence report was incorrect and the judge disregarded the notice of that fact. The sentence also was excessive because the petitioner is not a career offender. Furthermore, the judge would not run the sentence concurrent with the Campbell County time.

    b. The Department of Corrections ("DOC") will not recognize the Lynchburg Court's order because the Department claims that a judge cannot give credit for time served in jail and run the time with Campbell County consecutively. DOC has not properly credited Clements with his jail time. The DOC states it can overrule a court order and determine how much time a prisoner can receive. The petitioner is serving more time than the judge imposed.

20. Ineffective Assistance of Counsel

    a. Mr. Massie refused to move to dismiss the charges based on speedy trial violations.

    b. Mr. Massie refuse to move to dismiss the charges based on the fact that the petitioner had been denied a preliminary hearing.

    c. Mr. Massie failed to object to Assistant Commonwealth Attorney Janell Johnson giving the victim a document to read silently on the witness stand, when the document was not introduced into evidence.

    d. Mr. Massie failed to introduce evidence of the voice mail message victim left. This would have impeached the victim's statements that she did not have any contact with the petitioner.

    e. Mr. Massie failed to introduce the Christmas card and envelope which would have impeached the victim's statements that she did not have any contact with the petitioner.

    f. Mr. Massie incriminated the petitioner's defense.

    g. Mr. Massie stated during sentencing that the petitioner was asking for 5 years in prison. The petitioner did not ask for five years. The presentence report was in error.

    h. Mr. Massie also defamed the petitioner's character. Mr. Massie made the petitioner look guilty and like he had mental problems when the petitioner had always proclaimed his innocence.

5

i.    Mr. Massie refused to call the petitioner's witness during trial and sentencing.

j.    Mr. Massie failed to object to the prosecutor's misstatements of fact.

k.    Mr. Massie failed to object to sentence enhancement. This was prejudicial because the court imposed an impermissible sentence by including mental health and sex offender treatment and an inappropriate sentence length.

l.    Mr. Massie "bolstered" the petitioner's credibility, this was prejudicial because the evidence of guilt was not overwhelming.

m.    Mr. Massie claimed that there was physical harm to the victim when there was no evidence of any harm or injuries.

n.    Mr. Massie failed to note for the court how the victim changed her testimony during trial.

o.    Mr. Massie failed to advise the sentencing judge that Campbell County Investigator Dowdy did not appear for the hearing despite being subpoenaed. This was prejudicial because Dowdy had evidence in the petitioner's favor.

p.    Mr. Massie proffered evidence during sentencing without the petitioner's consent or knowledge. Witnesses wanted to testify, but counsel failed to present witnesses and substantial mitigating evidence during sentencing and failed to notify the court that defense was not ready.

q.    Mr. Massie failed to move to suppress based on Miranda violations.

r.    Mr. Massie failed to present state witness David Robert Glenn's background report when at trial Glenn said he had no misdemeanors. It would have impeached Glenn's testimony. Prior to trial Mr. Massie told the petitioner that Glenn had a traffic misdemeanor and a suspended driver's license.

s.    Mr. Massie treated the petitioner as a hostile witness during the trial, badgered him on the witness stand, and "bolstered" his credibility during sentencing.

t.    David Wright failed to move the court for dismissal when there was no preliminary hearing.

u.    Mr. Wright failed to move to dismiss the charges based on the speedy trial violation.

6

v.    Mr. Massie failed to object to the prosecutor's leading questions to the victim.

w.    Mr. Wright failed to look out for the petitioner's best interest and constitutional rights.

21.   Jannell Johnson made misstatements of fact at trial and sentencing. The petitioner did not threaten the victim and the victim testified to that. The prosecution also made other misstatements.

22.   Court records are incorrect. While Judge Mosby presided over the trial, Judge Perrow presided at sentencing.

23.   The petitioner was assaulted by correctional officers and a police investigator in a segregation cell after two hours and 45 minutes of interrogation. The officers attempted to force the petitioner to admit to things in both the Lynchburg case and the Campbell County case.

24.   The Petitioner was not originally arrested for assault and battery and abduction.
      a.    The original charge was attempted abduction and assault and battery.

      b.    Assault and battery was later added, but attorney David Wright told the petitioner that the Commonwealth would drop the assault and battery charge.

25.   The victim did not take out the charges or warrants against the petitioner.
      a.    The warrant was based on Lynchburg Police Officer Marstellar's sworn statement. His name was on the warrant as the person on whose sworn statement the warrant was based.

      b.    The victim did not take out the warrant and the warrant was not based on her sworn statements.

      c.    The Commonwealth incorrectly stated at trial that the victim had gone to the magistrate's office and taken out a warrant.

26.   Multiple punishments for the same offense.
      a.    The Commonwealth used the same evidence to convict the petitioner of both assault and battery and abduction.

      b.    The Commonwealth did not describe the charges of abduction and assault and battery as separate, but used the same elements to punish the petitioner twice for the same offense.

      c.    The elements the Commonwealth used to describe the incident are intrinsic

7

elements of assault and battery. There was no testimony or evidence of intimidation, deception, or asportation which are the intrinsic elements of abduction. The very force the Commonwealth used to describe the abduction was identical to that used to describe the assault and battery.

d.  It was established at trial by the victim that the petitioner did not threaten her. It was also established that no weapons, no pens, no pencils, no bandana, and no towel were found despite a search by the police.

e.  The Commonwealth described the assault and battery and abduction as both growing out of a continued course of conduct.

f.  The Commonwealth did not describe the act of abduction as separate and apart from the assault and battery.

g.  The petitioner received two punishments for the same offense which is a violation of the Fifth and Fourteenth Amendments to the United States Constitution.

h.  The Commonwealth used the same elements to accuse the petitioner of assault and battery and abduction by stating that the petitioner pulled the victim's hair while grabbing the victim's waist. The result was double jeopardy and multiple punishments for the same offense.

27.  State witness testimonies contradict each other.
a.  The victim testified at trial that the petitioner had a bandana in his hand and said something about a gun. The victim testified that she later found out from the police that the petitioner had a pen or pencil under the bandana. The victim testified that the petitioner pulled her hair and grabbed her waist and that these actions happened in the street. The victim testified that she did not expect to see the petitioner because he was in jail, but later testified that she knew he was out of jail and had seen him before.

b.  David Robert Glenn testified for the Commonwealth that he found the victim and the petitioner standing toe to toe behind some bushes in a yard. Glenn did not testify that the petitioner was pulling the victim's hair or grabbing her waist. Glenn did not testify that the petitioner had his hands on the victim.

c.  Officer Marstellar testified that the petitioner did not have a bandana, pencils, pen, towels, or weapon. The officer testified that he searched the area but did not find the items.

28.  The presentence report recited charges for which the petitioner had not been charged or convicted. It also contained erroneous personal information. The false information

8

contributed to the length of the petitioner's sentence.

## II.     Analysis

### A.     Claims 1 through 9; First part of claim 10

Clements raises multiple claims of substantive error which allegedly arose during his trial in claims 1 through 9 and in a portion of claim 10. Respondent argues that because the basis of these claims were available at trial and could have been pursued on appeal, they are procedurally defaulted from being raised in the current habeas proceedings.

When a state court has expressly dismissed a claim based on an adequate and independent state law ground, such as procedural default, federal review of that claim is barred, absent a showing of either cause for the default and resulting prejudice or actual innocence. See Murray v. Carrier, 477 U.S. 478, 495-96 (1986); Harris v. Reed, 489 U.S. 255 (1989); Wainwright v. Sykes, 433 U.S. 72 (1977). Here, the Supreme Court of Virginia dismissed these claims because they could have been raised at trial or pursued during direct appeal proceedings. Federal courts have found this procedural requirement to be an independent and adequate state law ground barring federal habeas review. Murray, 477 U.S. at 495-96; Teague, 489 U.S. 288.

Furthermore, I find that these claims are not cognizable in a habeas corpus proceeding. Slayton v. Parrigan, 215 Va. 27 (1974). In Slayton, the court held that a petitioner lacked standing and was thus procedurally defaulted from raising claims in habeas proceeding which could have been raised during the trial or on appeal. Id. at 29. In this instance, because Clements could have raised these claim during trial or appellate proceedings, they are procedurally barred

from federal habeas review, absent a showing of cause and prejudice or actual innocence. Murray, 477 U.S. at 495-96.

Clements has not demonstrated cause for his procedural defaults. Proof that counsel provided ineffective assistance at trial as defined in Strickland v. Washington, 466 U.S. 668 (1984), can serve as cause for default of a claim that could have been raised in direct appeal proceedings. See Edwards v. Carpenter, 529 U.S. 446, 450-51 (2000). However, as discussed below, all of Clements's claims that trial counsel provided ineffective assistance are without merit; as such, they cannot serve as cause to excuse procedural defaults of other claims.

Clements presents his actual innocence claim, if at all, in claims 6 and 16. However, Clements has failed to present any evidence to support that claim. "Federal habeas courts sit to ensure that individuals are not imprisoned in violation of the Constitution–not to correct errors of fact." Herrera v. Collins, 506 U.S. at 400. Such "a claim of 'actual innocence' is not itself a constitutional claim, but instead a gateway through which a habeas petitioner [can] pass to have his otherwise [procedurally] barred constitutional claim considered on the merits." Herrera, 506 U.S. at 404. To open the "actual innocence" gateway, Clements must demonstrate that in light of "new reliable evidence . . . that was not presented at trial" and all other available evidence, it is more likely than not that no reasonable juror would find him guilty. Schlup v. Delo, 513 U.S. 298, 324-37 (1995).

Clements argues that the victim has admitted that she lied at trial, but that the prosecutor and the victim's mother prevented her from recanting her testimony. However, Clements has not provided any evidence beyond his claims that the victim lied. Considering all the evidence against Clements and his failure to provide any evidence in support of his allegation of actual

10

innocence, the court concludes that a reasonable juror could convict Clements of abduction and assault and battery. Thus, Clements's allegation is insufficient to create reasonable doubt of his guilt and therefore fails to demonstrate "actual innocence" so as to excuse his procedural defaults. Schlup, 513 U.S. at 324-37. Therefore, I will grant respondent's motion to dismiss as to these claims.

### B. Claims 10 through 12

In claims 10 through 12 Clements challenges the sufficiency of the evidence as to his conviction for abduction. The Supreme Court of Virginia found that as these claims were raised and decided in the trial court and on direct appeal from the criminal conviction they could not be raised in a habeas petition.

Under 28 U.S.C. § 2254(d) a federal petition for writ of habeas corpus shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim

> (1)     resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2)     resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1-2). Accordingly, habeas relief is appropriate only if the state court's decision was contrary to Federal law or was clearly contrary to the facts presented during the proceeding. Id. A state court decision is contrary to federal law when it contradicts precedent set by the United States Supreme Court as to a question of law or if the state court confronts facts

11

which are materially indistinguishable from a relevant Supreme Court precedent but arrive at an opposite result than the Supreme Court. Williams v. Taylor, 529 U.S. 362, 405 (2000). Additionally, a state court makes an unreasonable application of law if it unreasonably applies the correct rule to the facts presented or unreasonably extends or refuses to extend a particular legal principle. Id. at 406. However, a presumption of correctness attaches to state court factual findings. 28 U.S.C. § 2254 (e)(1). As such, the petitioner bears the burden of rebutting this presumption. Id.

In this instance, because these claims were previously adjudicated on the merits in the trial court and appellate court, Clements bears the burden of establishing that those decisions were either contrary to federal law or were unreasonable based on the evidence produced during that proceeding.

The Due Process Clause of the Fourteenth Amendment guarantees a criminal defendant the right to a fair trial and requires the prosecution to prove each element of the crime beyond a reasonable doubt. On review of a conviction, "the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979) (emphasis in original).

Clements claims that the government failed to produce any evidence to establish that he had actually abducted the victim. However, the government produced testimony from the victim that Clements had grabbed her and prevented her from leaving him during a confrontation. Additionally, the government produced a witness who testified that he heard the victim yelling at Clements to "Let go of me." Viewing the evidence in the light most favorable to the

12

Commonwealth, I find that a rational trier of fact could find beyond a reasonable doubt that Clements was guilty of abduction. Therefore, I grant the respondent's motion to dismiss petitioner's claims 10 through 12.

### C. Claims 13 through 15

Clements raises multiple claims of substantive error which allegedly arose during his trial in claims 13 through 15. Respondent argues that because the basis of these claims were available at trial and could have been pursued on appeal, they are procedurally defaulted from being raised in the current habeas proceedings.

As noted above, when a state court has expressly dismissed a claim based on an adequate and independent state law ground, such as procedural default, federal review of that claim is barred, absent a showing of either cause for the default and resulting prejudice or actual innocence. See Murray, 477 U.S. at 495-96 (1986). The Supreme Court of Virginia dismissed these claims because they could have been raised at trial or pursued during direct appeal proceedings. Federal courts have found this procedural requirement to be an independent and adequate state law ground barring federal habeas review. See id. Additionally, as Clements has failed to establish cause and prejudice or actual innocence to excuse this procedural default, I will grant the respondent's motion to dismiss these claims.

### D. Claim 16

In the first part of Claim 16, Clements alleges that the victim admitted that she lied at trial, but that the prosecutor and the victim's mother prevented her from recanting her testimony.

13

The Supreme Court of Virginia dismissed this claim as without merit. That court found that the record, including the affidavit of the prosecutor, Janell Johnson, demonstrated that the victim did not inform the prosecutor she had lied during her testimony.

As noted above, when a claim has been adjudicated on the merits in State court proceedings habeas relief is appropriate only if the state court's decision was contrary to Federal law or was clearly contrary to the facts presented during the proceeding. 28 U.S.C. § 2254(d)(1-2). In this instance, because these claims were previously adjudicated on the merits in the Virginia Supreme Court, Clements bears the burden of establishing that the Supreme Court of Virginia's decision was either contrary to federal law or was unreasonable based on the evidence produced during that proceeding. From the record, it is clear that Clements does not claim that the Supreme Court of Virginia has erroneously applied federal law. Furthermore, Clements has failed to provide any evidence which was contradicts Johnson's affidavit as to the victim's testimony. In fact, Clements has failed to provide any evidence which supports his allegation that the victim lied. Accordingly, he has presented no evidence which can rebut the presumption as to the state court's finding that his claim is without merit. As such, I will grant the respondent's motion to dismiss as to this claim.

Additionally, in Claim 16 Clements argues that the victim's mother threatened to kill the petitioner unless the petitioner testified at trial and that "someone" prevented Campell County Investigator Dowdy from appearing at the sentencing hearing. Again, the petitioner argues that these claims are procedurally defaulted. As I find that these claim could have been raised on direct appeal, but were not, and because I have found that Clements has not presented evidence to establish cause and prejudice or actual innocence to excuse such default, I will grant the

14

respondent's motion to dismiss as to these issues.[1]

### E.    Claim 17

In claim 17, petitioner makes allegations of obstruction of justice because he obtained a warrant against the victim's mother, for sending him threatening and harassing letters, but the Commonwealth's Attorney nolle prosequi the charges, and that the Commonwealth's Attorney and the Lynchburg Police Department are covering up further sexual abuse of the victim by the victim's mother's boyfriend. The Supreme Court of Virginia found that these claims are not cognizable in a petition for habeas corpus because even if the issue was resolved in favor of the petitioner, it would not affect the lawfulness of his immediate custody or detention. Clements has not presented any evidence which can rebut the presumption as to the state court's finding. Additionally, I note that Clements has failed to make any allegations as to how such an obstruction affected his own trial and conviction, therefore he would not be entitled to relief under § 2254. Accordingly, I will grant the respondent's motion to dismiss as to this claim.

### F.    Claim 18

In claim 18, Clements alleges that police actions, including handcuffing petitioner when police first spoke to him and questioning him without the required Miranda warnings, exceeded permissible police conduct for reasonable suspicion. As I find that these claim could have been raised on direct appeal, but were not, and because I have found that Clements has not presented

---

[1]Additionally, it is clear from the record that Investigator Dowdy was actually present at the sentencing hearing. Accordingly, Clements allegation is clearly without merit.

15

evidence to establish cause and prejudice or actual innocence to excuse such default, I will grant the respondent's motion to dismiss as to these issues.

### G.    Claim 19

In claim 19, Clements alleges cruel and unusual punishment because the trial court sentenced him to a sexual offender treatment and mental health program even though his charges were not of a sexual nature. As I find that these claim could have been raised on direct appeal, but were not, and because I have found that Clements has not presented evidence to establish cause and prejudice or actual innocence to excuse such default, I will grant the respondent's motion to dismiss as to these issues.

Additionally, in claim 19 Clements alleges that the Virginia Department of Corrections has incorrectly calculated his sentence by failing to fully credit the petitioner for time served. The Supreme Court of Virginia found that this claim was without merit. The record indicates that Clement's sentence has in fact been properly calculated and that proper jail credits have been applied to his sentence. Additionally, Clements has failed to present any evidence which supports his allegation that his sentence has been improperly calculated. As such, he has presented no evidence which can rebut the presumption as to the state court's finding that his claim is without merit. Thus, I will grant the respondent's motion to dismiss as to this claim.

### H.    Claim 20

In claim 20, Clements raises numerous allegations of ineffective assistance of counsel. The Supreme Court of Virginia specifically addressed the merits of Clements's claims of ineffective assistance of counsel during his habeas proceedings. As noted above, a federal habeas

16

corpus review of a state court's decisions on the merits is limited to addressing "an unreasonable application of . .. clearly established federal law . . . [or] an unreasonable determination of the facts in light of the evidence presented." 28 U.S.C. § 2254(d). Accordingly, Clements bears the burden of establishing that the court's decision was either contrary to federal law or was unreasonable based on the evidence produced during that proceeding.

In Strickland v. Washington, 466 U.S. 668, 669 (1984), the Court announced a two-prong test that the defendant must satisfy in order to demonstrate a denial of his right to effective assistance of counsel. The first prong requires the defendant to prove that counsel's representation of the defendant fell below an objective standard of reasonableness. Id. at 688. However, there is a strong presumption that an attorney is acting reasonably. Id. at 688-689. The second prong requires the defendant to prove prejudice to his defense. This requires a showing that but for his attorney's error, there is a reasonable probability that the outcome of the trial would have been different. Id. at 694.

Clements has failed to establish that trial counsel's performance fell below an objective standard of reasonableness or that but for those errors the outcome of his trial would have been different. In claim 20(a) and (b), Clements alleges that trial counsel was ineffective because he refused to move to dismiss the charges based on speedy trial violations or because he had been denied a preliminary hearing. The Supreme Court of Virginia found that as a matter of fact there was no speedy trial violation and there was, in fact, a preliminary hearing, thus there was no basis on which to make these motions. Accordingly, Clements is clearly unable to establish had his attorney made these motions the outcome of his trial would have been different. Therefore, I will grant respondent's motion to dismiss claim 20(a) and (b).

17

In claim 20(c) Clements alleges that trial counsel was ineffective in that he failed to object when Assistant Commonwealth Attorney Janell Johnson gave the victim a document to read silently on the witness stand which was not introduced into evidence. The Supreme Court of Virginia found that the document was properly used to refresh the witness's memory under Farmer v. Commonwealth, 205 Va. 609, 611 (1964). As such, counsel had no basis on which to object to the use of the instrument, therefore Clements is unable to show that had counsel objected to the use of the instrument the outcome of his trial would have been different. Accordingly, I will grant respondent's motion to dismiss claim 20(c).

In claims 20(d) and (e) Clements alleges that trial counsel was ineffective in that he failed to introduce evidence that the victim had made contact with Clements and prearranged their meeting, thus impeaching her testimony that she had not made contact with petitioner. It is clear from the record that the trial court made a finding of fact, in favor of the petitioner, that the meeting between Clements and the victim was prearranged. Accordingly, Clements cannot show that he was prejudiced by counsel's alleged failure. Accordingly, I find that these claims are without merit and will grant the respondent's motion to dismiss as to claims 20(d) and (e).

In claims 20(f) Clement argues that trial counsel was ineffective in that he "incriminated" the petitioner's defense and defamed his character. Petitioner failed to expand any more on these claims in this court, however when these claims were presented to the Supreme Court of Virginia he indicated that he was dissatisfied with counsel's concessions that petitioner knew he was not supposed to meet with the victim, that the victim knew she was not supposed to meet with the petitioner, and that the petitioner pulled her hair when the victim attempted to leave. The Supreme Court found these concessions were made as part of a tactical retreat in the face of

overwhelming evidence against the defendant. As Clements has failed to provided clear and convincing evidence that the Supreme Court of Virginia made an unreasonable application of federal law or determination of the facts in denying him relief on these claim, I will grant respondent's motion to dismiss claim 20(f).

In claim 20(g), Clements alleges that he was denied effective assistance of counsel at the sentencing hearing because counsel asked the court to sentence Clements to five years, but such a request was illogical as the midpoint for sentencing was only three years. The Supreme Court of Virginia held as a matter of fact that the midpoint based on the sentencing guidelines was seven years and that counsel asked the court to impose a five year sentence to run concurrent with another conviction on which Clements was currently serving time. Thus, Clements would not have received any additional jail time had the court accepted counsel's argument. The court rejected counsel's argument and instead imposed a sentence of ten years to run consecutively to his prior conviction. Accordingly, Clements cannot show that he was prejudiced by counsel's alleged violation. Therefore, I will grant respondent's motion to dismiss claim 20(g).

In claim 20(h), Clements claims that in "defaming" his character during sentencing, counsel made petitioner look guilty even though petitioner maintained his innocence and thereby provided ineffective assistance. The Supreme Court of Virginia found counsel made statements during the sentencing hearing in an attempt to offer alternatives to incarceration in light of plaintiff's previous convictions and pending criminal charges. Furthermore, as Clements had already been found guilty, counsel's statements could not have affected the outcome of the trial. Thus, I will grant respondent's motion to dismiss as to this claim.

In claim 20(i), Clements claims that counsel failed to call petitioner's witnesses during

19

the trial and sentencing phase. However, Clements has failed to present any affidavits or other evidence as to what his alleged witnesses would have testified to or that such testimony would have affected the outcome of his trial. Accordingly, I will grant respondent's motion to dismiss claim 20(i).

In claim 20(j), petitioner argues that counsel failed to object to the prosecutor's misstatements of fact. The Supreme Court of Virginia found that as petitioner failed to present any evidence as to the content of those misstatements, he could not demonstrate that counsel was deficient or that any objection would have affected the outcome of the trial. Clements has failed to provided clear and convincing evidence that the Supreme Court of Virginia made an unreasonable application of federal law or determination of the facts in denying him relief on these claims. Additionally, to the extent petitioner attempts to introduce new evidence in this petition regarding those misstatements, he has failed to present such evidence to the state courts thus denying those courts full and fair opportunity to resolve this claim. Therefore, to the extent Clements attempts to raise these issues now they are simultaneously unexhausted and defaulted. As such, I will grant respondent's motion to dismiss claim 20(j).

In claim 20(k), Clements alleges that trial counsel was ineffective because he failed to object to the court's imposition of mental health and sex offender treatment while incarcerated and to an unreasonably long sentence. Under Virginia law  sentencing guidelines are merely discretionary. Va. Code § 19.2-298.01.  Additionally, a sentencing court may consider all relevant facts and prior convictions in constructing a defendants' sentence. See Thomas v. Commonwealth, 18 Va. App. 656 (1994). The record demonstrates that prior to his sentencing hearing on the instant convictions for abduction and assault and battery involving a minor,

petitioner had been convicted of abduction with intent to defile and attempted rape. As such, it was clearly not an abuse of power to direct petitioner to receive treatment and counseling while incarcerated. Accordingly, Clements cannot show that he was prejudiced by counsel's failure to object to this sentence and I will grant respondent's motion to dismiss this claim.

Additionally, to the extent petitioner attempts to introduce new evidence in this petition regarding errors in his pre-sentencing report, he has failed to present such evidence to the state courts thus denying those courts full and fair opportunity to resolve this claim. Therefore, to the extent Clements attempts to raise these issues now they are simultaneously unexhausted and defaulted. Furthermore, the court has reviewed these alleged errors and finds that petitioner objects to the inclusion of charges which were later dismissed on his pre-sentence report, an incorrect date as to his a conviction for making threats over the phone, and an allegedly incorrect charge of "prostitution" rather than "soliciting prostitution." To the extent these are in fact erroneous inclusions on the pre-sentence report they are harmless in light of the fact that petitioner does not contest that the other 28 charges, including convictions for abduction with intent to defile, attempted rape, malicious wounding, and assault and battery, were properly listed.

In claim 20(l), Clements argues that counsel was ineffective in that he "bolstered" petitioner's credibility when the evidence of guilt was not overwhelming. It appears that plaintiff is arguing that counsel should not have put on any evidence as to petitioner's credibility because the prosecution had not sufficiently undermined that credibility. Clements has presented no evidence of the alleged "bolstering" nor any evidence to support his position that had counsel not put on such evidence the outcome of his trial would have been different. Accordingly, I will grant

21

the respondent's motion to dismiss this claim.

In claim 20(m), petitioner claims that counsel erred in arguing that the victim was physically harmed by the petitioner during the sentencing hearing. The Supreme Court of Virginia found that this claim was without merit. The record clearly indicates that counsel argued that in light of the fact that there was no evidence of physical harm to the victim any sentence should run concurrent with his sentence issued by the Campbell County Circuit Court. As such, Clements cannot show he was prejudiced by counsel's argument. Furthermore, as Clements had already been convicted, counsel's alleged errors during the sentencing hearing could not have affected the outcome of the trial. Therefore, I will grant respondent's motion to dismiss claim 20(m).

In claim 20(n), Clements argues that counsel failed to properly note for the court that the victim had changed her testimony during the course of the trial. The Supreme Court of Virginia found that as petitioner failed to allege the substance of the inconsistencies and failed to demonstrate how such a notation would have affected the outcome of his trial, his claims were without merit. Clements has failed to provided clear and convincing evidence that the Supreme Court of Virginia made an unreasonable application of federal law or determination of the facts in denying him relief on these claims. Additionally, to the extent petitioner attempts to introduce new evidence in this petition regarding inconsistencies, he has failed to present such evidence to the state courts thus denying those courts full and fair opportunity to resolve this claim. Therefore, to the extent Clements attempts to raise these issues now they are simultaneously unexhausted and defaulted. As such, I will grant respondent's motion to dismiss claim 20(n).

In claim 20(o), Clements alleges that he was denied effective assistance of counsel

22

because counsel did not notify the sentencing court that Campbell County Investigator Dowdy was not present at the sentencing hearing even though he had been summoned by the defendant. The record clearly indicates that Dowdy was in fact present during the sentencing hearing, therefore petitioner is clearly unable to show that he was prejudiced by counsel's alleged failure. Thus, I will grant respondent's motion to dismiss this claim.

In claim 20(p), petitioner alleges he was denied effective assistance of counsel because counsel proffered evidence at the sentencing hearing without the petitioner's consent and failed to secure testimony from witnesses available to testify in the petitioner's behalf during the same. The Supreme Court of Virginia found that counsel made a tactical decision to proffer testimony of several witnesses and avoid cross-examination during the hearing. As Clements has failed to provided clear and convincing evidence that the Supreme Court of Virginia made an unreasonable application of federal law or determination of the facts in denying him relief on these claim, I will grant respondent's motion to dismiss claim 20(p).

In claim 20(q), Clements alleges that counsel erred in failing to move to suppress evidence as being obtained in violation of his <u>Miranda</u> rights. As petitioner has failed to present any evidence as to what evidence should have been suppressed, he clearly cannot show that had counsel objected the outcome of his trial would have been different. Thus, I will grant respondent's motion to dismiss this claim.

In claim 20(r), Clements alleges he was denied effective assistance of counsel because counsel failed to impeach David Robert Glenn with evidence of his criminal background. Clements claims that prior to the trial he informed counsel that Glenn had been convicted of a minor traffic violation and his license had been suspended. In Virginia, a witness's misdemeanor

23

conviction may only be used for impeachment purposes if it involves lying, cheating, or stealing. Scott v. Commonwealth, 25 Va. App. 36, 41 (1997). As petitioner admits that Glenn's prior convictions were based on minor traffic infractions, such convictions could not be used as a basis for impeachment. Accordingly, I find this claim is without merit and will grant respondent's motion to dismiss.

In claim 20(s), Clements argues that counsel was ineffective in that he treated petitioner as a hostile witness, badgered him on the witness stand, and "bolstered" his credibility during the sentencing hearing. The Supreme Court of Virginia found that petitioner offered no evidence of mistreatment and that the record did not reveal any evidence of mistreatment. As petitioner has offered no evidence to support his claim that counsel was deficient or that the Supreme Court of Virginia made an unreasonable application of federal law or determination of the facts in denying him relief on these claim, I will grant respondent's motion to dismiss claim 20(s).

In claims 20(t) and (u), Clements alleges that appellate counsel was ineffective in that he failed to move to dismiss charges based on the failure to hold a preliminary hearing and the failure to meet speedy trial requirements. The record indicates that there was in fact a preliminary hearing and there was no basis on which to make a speedy trial motion, as such counsel's alleged failures to raise such motions would not have affected the outcome of the appeal. Therefore, I will grant respondent's motion to dismiss as to these claims.

In claim 20(v), Clements alleges that counsel was ineffective in that he failed to object to counsel asking the victim leading questions. The record indicates that counsel did in fact object, as such this claim is clearly without merit and I will grant respondent's motion to dismiss as to this claim.

24

In claim 20(w), petitioner claims that he was denied effective assistance of counsel because counsel failed to "look out for" his best interests or his constitutional rights. The Supreme Court found that petitioner's claims were conclusional and could not support a habeas petition. As petitioner has failed to offer any evidence to support his claims or that the Supreme Court of Virginia made an unreasonable application of federal law or determination of the facts in denying him relief on these claim, I will grant respondent's motion to dismiss claim 20(w).

### I.      Claims 21 and 22

In claims 21 and 22, Clements argues that the prosecutor made misstatements of fact at trial and sentencing and that court records are incomplete. As I find that these claim could have been raised on direct appeal, but were not, and because I have found that Clements has not presented evidence to establish cause and prejudice or actual innocence to excuse such default, I will grant the respondent's motion to dismiss as to these issues.

### J.      Claims 23 and 24

In claim 23, Clements claims that he was assaulted by correctional officers and a police investigator in a segregation cell. In claim 24, Clements alleges that he was not originally arrested for assault and battery and abduction, but that theses charges were later added. As petitioner failed to raise these claims during his state habeas proceedings and such claims would now be barred pursuant to Virginia Code §§ 8.01-654(A)(2) and 8.01-654(B)(2) these claims are procedurally defaulted. Also, as petitioner has not established cause and prejudice or actual innocence to excuse  the default, I will grant respondents motion to dismiss as to these claims.

25

### K.  Claims 25 through 28

In claim 25, 26, 27 and 28, petitioner raises the same claims which he alleged in claims 6 and 9, claims 7 and 10, claim 13, and claim 1 respectively. As I find that these claim could have been raised on direct appeal, but were not, and because I have found that Clements has not presented evidence to establish cause and prejudice or actual innocence to excuse such default, I will grant the respondent's motion to dismiss as to these issues.

### III.  Conclusion

Based on the foregoing, I will grant the motion to dismiss in its entirety.  Accordingly, an appropriate order shall be issued this day.

The petitioner is advised that he may appeal this decision, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure, if a circuit court of appeals justice or this court issues a certificate of appealability, pursuant to 28 U.S.C. §2253(c).   A certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right. §2253(c)(1).   Petitioner has failed to demonstrate "a substantial showing of the denial of a constitutional right."  Therefore, this court declines to issue any certificate of appealability pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure.  See Miller-El v. Cockrell, 537 U.S. 322  (2003); Slack v. McDaniel, 529 U.S. 473 (2000).   If petitioner intends to appeal and seek a certificate of appealability from the Circuit Court of Appeals for the Fourth Circuit, his first step is to file a notice of appeal with this court within 30 days of the date of entry of this Order, or within such extended period as the court may grant pursuant to Rule 4(a)(5).   The Clerk is directed to send certified copies of this memorandum opinion and accompanying order

to petitioner and to counsel of record for the respondent.

ENTER: This ___18th___ day of May, 2005.

Senior United States District Judge

27